## CALDWELL, ADMINISTRATOR, *vs.* McKEE.

Amendments are not allowed as a matter of course, by the statute, but are only permitted at the discretion of the Court, in furtherance of justice. The Supreme Court will not interfere with the exercise of a discretionary power vested in the Circuit Court, unless, perhaps, under peculiar circumstances.

ERROR to the Marion Circuit Court.

SCOTT, *Judge, delivered the opinion of the Court.*

This was an action commenced by attachment against Reddick McKee, by A. Caldwell, administrator. The declaration, affidavit, and bond were filed in Novem-

ber, 1839, and the writ is tested on the 20th day of September of that year. Counterparts of the writ were sued out to several of the adjoining counties.

On the return of the writ, motions were made to dismiss the proceedings for irregularity. The plaintiff filed a cross motion to amend the writ, so as to make its teste correspond with the time of filing the declaration, affidavit, &c. The court overruled the motion to amend, and sustained that to dismiss the proceedings for irregularity, and the plaintiff has brought the cause here by writ of error.

This is a proceeding to have the discretion of the Circuit Court revised. Amendments are not allowed, as a matter of course, by the statute. They are permitted, in furtherance of justice, by a wise and liberal exercise of the discretion entrusted to the Circuit Courts. Those courts, in contemplation of law, are competent to the discharge of the duties entrusted to them. But, as they are numerous, for the sake of uniformity in the law, a tribunal is instituted to determine legal questions in the last resort. No good can result, nor will the cause of justice be advanced, by this Court blindly undertaking to revise the discretion of the Circuit Courts. In all questions of this kind, the opportunities offered the Circuit Courts for a wise exercise of their discretion, are greatly superior to those enjoyed by this Court. There is no one at all conversant with the administration of justice in our Circuit Courts, but knows that questions are daily addressed to their discretion, and determined by them, which it is impossible for this Court wisely to review, and that, in making such attempts, justice would often be confounded. In this case the party was not remediless: he might have commenced again. Had liens, subsequent to his suit, attached, that may have been a reason for refusing the amendment, as its allowance might have engendered litigation in relation to their priority, as questions would have arisen as to the effect of the amendment. Proceedings by attachments are *stricti juris*, and in such, amendments are not as liberally granted as in ordinary proceedings. In the case of Long *vs.* Overton and Pickett, (7 Miss. Rep., 568,) an amendment was not allowed to be made by the Circuit Court, and this Court refused to disturb its action. The cause of justice will not be promoted by encouraging parties to come to this Court on every question ruled against them in inferior courts. Those courts are not to be regarded as places in which causes are merely prepared for trial, to be ultimately determined in this Court.

Let it not be supposed that this Court is opposed to allowing amendments by the Circuit Courts, when they are made in furtherance of justice. A liberal and enlarged discretion, on all such applications, should be indulged. But when the discretion of the Circuit Court has been exercised, and this Court is called upon to revise it, it must be satisfied it is doing justice in disturbing its action.

Judgment affirmed.