POMEROY'S ADMINISTRATOR, Plaintiff in Error, *vs.* BROWN & DURLEY, Defendants in Error.

1. Where a party who was sued upon a note filed a plea of the general issue with notice of off-set, and two terms afterwards was allowed to file an amended plea with affidavit, denying the execution of the note, the supreme court refused to interfere with the discretion exercised by the circuit court in allowing the amended plea.

### *Error to Pettis Circuit Court.*

*Napton,* for plaintiff in error.   The amendment at this stage of the proceedings, and after the death of Brown, the principal, (the defendants being his securities,) was not in furtherance of justice.   The discretion of the Circuit Court is not an arbitrary one.   The case of *Caldwell* v. *McKee,* 8 Mo. Rep. 334, explains fully the position of this court upon cases of this character.   The cases hitherto have been cases where the decision of the Circuit Court would only affect the costs or the time of trial.   Here is a case where the recovery may be barred forever by the death of a witness.   The defendants were estopped on the record by their first plea, which virtually admitted the

execution of the note. *P. Hayden* and *Adams*, for defendants in error. The discretion of the Circuit Court was soundly exercised, and this court will not disturb its action. 8 Mo. Rep. 334.

GAMBLE, Judge, delivered the opinion of the court.

This suit was commenced in 1849. At the October term in that year, the defendants, and others who were with them, original defendants in the action, craved oyer, and demurred, and at the same term withdrew their demurrer, and pleaded the general issue, with notice of set-off filed by one of the other defendants. The cause was continued from term to term, until the April term, 1851, when the death of James Brown, one of the original defendants, and the principal in the note sued upon, was suggested, and the cause continued. At the October term, 1851, the cause was continued at the instance of the plaintiff, after which, at the same term, the defendants asked leave to file an amended plea accompanied by an affidavit, denying the execution of the note upon which the suit was founded. The leave was given—the plea and affidavit were filed, and the plaintiff excepted to the action of the court. At a subsequent term, there was a trial, which resulted in a non-suit, because the plaintiff did not prove the execution of the note. The error complained of, is the granting leave to file the amended plea at the time, and under the circumstances under which it was given.

1. In *Caldwell, Adm'r* v. *McKee*, 8 Mo. Rep. 334, this court was called upon to revise the discretion of the Circuit Court in refusing to allow an amendment; and in the opinion given in that case, there is a very plain intimation that, as amendments are to be allowed or refused in the exercise of the discretion of the circuit courts, and as those courts are to be regarded as competent to exercise that discretion soundly, this court will not interfere with their action, except in cases in which justice to the parties very obviously demands such interference.

In this case, we are not apprised by the record of any other objection to allowing the amendment, than that the parties had, for a long time, stood upon their general issue, without denying the execution of the note, and that two of the original defendants had died. The bill of exceptions taken to the allowing the amendment, shows no fact which will authorize us to disturb the action of the Circuit Court.

The judgment of the Circuit Court is, with the concurrence of the other judges, affirmed.