THE STATE *ex rel.* PATTERSON v. TITTMANN, *Administrator, et al.;* LUCAS, *Appellant.*

### Division One, May 5, 1896.

1. **Curator**: BOND: SURETY: LIMITATION. Where a bond is given in court for the faithful performance of duty by a curator, and the latter takes title in his own name to his ward's land, incumbers it in 1882 and dies in 1886, due statutory notice being given in 1886 (by his administrator) for presentment of demands against his estate; *held,* that the administration limitation (sec. 184) did not bar an action brought in 1891 against a surety on the bond to recover damages for the expenses of a suit begun by the ward in 1887 to set aside the incumbrance referred to.

2. ———: ———: ———: ———. A cause of action accrues on a covenant at the breach thereof; but; where the breach is merely formal, the statute of limitation as to substantial damages (afterwards resulting therefrom) begins to run from the time said damages occur.

3. ———: ———: BREACHES: DISTINCT CAUSES OF ACTION. Damages resulting from each breach of the bond of a guardian or curator constitute a distinct cause of action.

State ex rel. v. Tittmann.

4. ——: ——: ——: ELEMENTS OF DAMAGES. It is a breach of duty for a curator to take title to his ward's land, and then to place an incumbrance upon it to secure his personal loan; and the expenses of a suit by the ward to set aside that incumbrance are but natural and proximate results of the curator's act. Counsel fees are a legitimate item of such expenses.

5. Surety: RESPONSIBILITY FOR PRINCIPAL'S ACTS: ESTOPPEL. Where a surety is bound to respond for the consequences of his principal's act, and is notified of a suit brought to avoid the effect of said act, consents thereto, and participates in said suit, he is answerable for the reasonable expenses of the suit in the circumstances described in. the opinion.

6. ——: ——: REDUCTION OF DAMAGES. It is a general rule that parties threatened with damage from the act of another are bound to take such reasonable and available precautions against loss as may be in their power.

7. ——: ——: CONSTRUCTION OF SURETY'S OBLIGATION. While the liability of a surety is to be confined to the limits of his engagement, the latter is entitled to such a natural construction as will accord with its purpose and intent.

8. ——: ——: EXPENSES OF LITIGATION. A surety, bound to bear the expense of litigation caused by the act of his principal, is entitled to control the same, and is only liable for the reasonable expense thereof.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Transferred from St. Louis Court of Appeals.*

*Lee & Ellis* and *Montague Lyon* for appellant.

(1) The plea of the statute of limitations, contained in the appellant's amended answer, should have been sustained. Revised Statutes, 1889, secs. 183, 5329; *Johnson v. Smith's Adm'r*, 27 Mo. 591; *Coleman v. Willi*, 46 Mo. 236; *State ex rel. v. Hoshaw*, 86 Mo. 193; *Bent v. Priest*, 86 Mo. 475; *State v. Blake*, 2 Ohio St. 147; *Bridges v. Blake*, 106 Ind. 332; *Auch-*

*aumpaugh v. Schmidt*, 70 Iowa, 642; *Ratcliff v. Leunig*, 30 Ind. 289; *Bonham v. People*, 102 Ill. 434; *Glass v. Woolf's Adm'r*, 82 Ala. 281; *Mann v. Everts*, 64 Wis. 372. (2) The court erred in giving the instruction asked by the respondent, for the reason that the appellant's liability could only be determined by the strict terms of his obligation, and he was not liable for the expenses and counsel fees incurred by the respondent relator in the prosecution of the suit in equity. 1 Brandt on Suretyship and Guaranty [2 Ed.], sec. 93, p. 134; *Haeussler v. Bank*, 23 Mo. App. 282; *Mann v. Everts*, 64 Wis. 372; *State v. Cutting*, 2 Ohio St. 1; *Kennison v. Taylor*, 18 N. H. 220; *State to use v. Bishop*, 24 Md. 310; *Bank v. Downer*, 27 Vt. 539; *Henry v. Davis*, 123 Mass. 345; *Hallock v. Belcher*, 42 Barb. 199; *Oelrichs v. Spain*, 15 Wall. 211; *Douglass v. Ferriss*, 138 N. Y. 192; *Clark v. Montgomery*, 23 Barb. (N. Y.) 464.

*Orr, Christie & Bruce* for respondent.

(1) The plea of the statute of limitations is without merit. If there be a breach of a bond or of covenants in a deed of warranty, the cause of action on account thereof does not accrue until there exists the right of substantial recovery. *Miller v. Woodward*, 8 Mo. 169; *Finney v. State to use*, 9 Mo. 227; *Chambers v. Smith*, 23 Mo. 174; *Burton v. Rutherford*, 49 Mo. 255; *Singleton v. Townsend*, 45 Mo. 379; *Jameson v. Jameson*, 72 Mo. 640; *Tenny v. Lasly*, 80 Mo. 664. (2) The instruction given is a correct statement of the law as applied to the facts established at the trial. In law it was appellant's duty to protect the relator against loss or damage arising directly from the unfaithfulness of Horner as his curator. Since the relator was bound to institute a suit for the defense of his title, which suit was rendered necessary by reason of his curator's

unfaithfulness, the appellant, having been notified of the suit, and having approved of it, is liable for the costs incurred therein, including counsel fees. *Strong v. Ins. Co.*, 62 Mo. 299; *Ins. Co. v. Ins. Co.*, 1 Sto. 458; *Hastee v. DePeyster*, 3 Haines, 190; *Robins v. Chicago*, 4 Wall. 657; *Co. v. Hayden*, 117 Mass. 433; Sedgwick, Meas. Dam. [8 Ed.], sec. 236; *Mors LeBlanch v. Wilson*, L. R. 8 C. P. 227; *Dubois v. Hermance*, 56 N. Y. 673; *Kip v. Brigham*, 7 Johnson (N. Y.), 168; *Byerson v. Chapman*, 66 Me. 557; *Spelman v. Terry*, 74 N. Y. 451; *Kansas City Hotel Co. v. Sauer*, 65 Mo. 280; *Robertson v. Bemon*, 2 Bush (Ky.), 301; *Hadsell v. Hancock*, 3 Gray, 526; 1 Sutherland on Damages [2 Ed.], secs. 83, 88.

BARCLAY, J.—This case came into the supreme court by transfer from the St. Louis court of appeals upon a division of opinion, shown by the official report, 54 Mo. App. 490.

The action is to recover damages for breach of a curator's bond wherein the defendant appellant, Mr. Lucas, is one of the sureties. The administrator of the curator is also defendant, but as he did not appeal we shall treat the appellant as sole defendant.

Liability for the alleged breach of the bond was denied in the circuit court, and the statute of limitations was also interposed.

The actual controversy at the present time lies in a narrow compass.

The appellant became surety for the curator, in 1874, upon a bond in the sum of $50,000, conditioned for the faithful discharge of duty by the curator, according to law.

The relator in this action was the minor to whose use the bond was given. The bond was duly approved in the probate court, and the curator installed.

A considerable property came into the curator's charge. Among the assets was a note secured by a deed of trust·upon real estate in St. Louis. In 1881 it became·necessary to buy this real estate at a sale under the deed of trust, to protect the interests of the ward's estate. The curator took the title in his own name at that sale. Shortly afterwards he borrowed $2,500 upon it, conveying his ostensible title to secure his own note for that sum.

In 1882 the curator made a quit-claim deed to transfer the land to his ward.

In 1885 the ward reached full age. In 1886 the curator died, without a final settlement. His administrator published in 1886 the statutory notice for the presentment of claims against his estate.

In April, 1887, the ward first learned of the condition of the title, as above described, and that the holder of the individual note of the curator intended to proceed to enforce the deed of trust for non-payment of the note which it secured.

Meanwhile there had been a final settlement of the ward's estate by the curator's administrator, and a judgment of discharge therein in January, 1887.

In September, 1887, the relator began a suit against the holder of the note so secured, the administrator of the curator and others, the nature of which suit fully appears from the report thereof in the supreme court: *Patterson v. Booth* (1891) 103 Mo. 402 (15 S. W. Rep. 543). Its general purpose was to set aside the incumbrance put upon the land by the curator, and to open the final settlement of the ward's estate so that there should be no bar to plaintiff's right to proper relief upon the facts.

That suit was successful, as the final report indicates. At its outset plaintiff notified the sureties on the curator's bond aforesaid of the suit, and that they

would be looked to for indemnity for all damages that would result from the deed of trust sought to be set aside; and he further requested them to defend plaintiff against the claim based on that deed of trust. Accordingly, a member of the St. Louis bar, representing the surety, now appellant, conferred with plaintiff's counsel in that case, approved the course taken in bringing the suit, and participated in the later proceedings, the direction of which was largely left to the counsel for plaintiff.

That case closed with the judgment in the supreme court in February, 1891, reported 103 Mo. 402. This action was begun in May of that year.

In the prosecution of the former suit plaintiff incurred and paid the following items of expense:

| | |
|---|---:|
| "For copies of deeds and settlements...................... | $ 15.00 |
| "For expenses of counsel to Jefferson City  ........... | 9.55 |
| "For expenses of counsel to Jefferson City, second trip. ... | 15.00 |
| "For costs of statement and brief..................... | 60.00 |
| "For fees of counsel in Circuit and Supreme Courts........ | 500.00 |
| "For copy of decree for record and for recording same. ... . | 4.10 |
| | $ 603.65" |

It is conceded that these charges were reasonable; but defendant's liability for the same is contested.

Plaintiff in the case at bar had a verdict for $644.37 (including interest) in the trial court, from which the defendant, surety, duly appealed.

It is not necessary to give any fuller statement. The learned opinions delivered in the court of appeals (54 Mo. App. 490) and in the *Patterson-Booth* case furnish any further details of fact needed to understand the points in judgment.

1. It is convenient to first notice the plea of limitation.

Defendant relies on the short, or administration,

bar applying to demands against estates of deceased persons.

The act on which relator founds this suit was done by the curator in 1882; the notice for presentation of demands against the curator's estate was published in 1886; while this suit was brought in 1891. Defendant argues that any claim against the curator is barred, and hence that all such claims against his sureties are barred.

It is true that section 184 (R. S. 1889) creates a bar to the presentation of ordinary demands against estates at the close of the periods named; but that section has been held inapplicable to causes of action which did not accrue until after the administration closed. *Finney v. State to use* (1845) 9 Mo. 225; *Tenny's Adm'r v. Lasley's Adm'rs* (1883) 80 Mo. 664.

It has been considered, moreover, that while a cause of action upon a covenant accrues upon the occurrence of any breach thereof, the statute of limitation is not set in motion where such breach is merely formal, so as to prevent recovery of substantial damages subsequently resulting; but that the statute begins to run as to those damages from the time they occur. *Dickson v. Desire's Adm'r* (1856) 23 Mo. 151; *Chamber's Adm'r. v. Smith's Adm'r* (1856) 23 Mo. 174.

In respect of bonds to secure the performance of duty by guardians or curators, the damages resulting from each breach of the bond constitute a distinct cause of action. R. S. 1889, secs. 889, 877, 866, 867.

The act of the curator in putting an incumbrance on the legal title would have been harmless to relator had the note for $2,500 thereby secured been paid by the curator, before any loss resulted to relator on account thereof.

Under the Missouri cases above noted (and others,

cited below, which present applications of the same principle to different facts) we hold that until the relator began to be subject to an actual loss on account of the curator's act in question, relator's right to sue for such loss should not be held to have accrued, within the meaning of any of our statutes of limitation. *State ex rel. v. Finn* (1889) 98 Mo. 532 (11 S. W. Rep. 994); *Howard County v. Railroad* (1895) 130 Mo. 652 (32 S. W. Rep. 651).

Having these views we do not find it necessary to consider whether or not the surety might be held to a several liability on his bond, irrespective of the issue as to any special bar of limitation in favor of the curator's estate.

The learned judges of the court of appeals did not disagree on this branch of the case. They concurred in ruling that the bar of limitation, invoked by defendant, was no obstacle to relator's recovery.

2. The remaining question is whether or not defendant is liable for the counsel fees and other expenses borne by relator in the prosecution of the case of *Patterson* against *Booth*.

It appears that that case was instituted to avert a risk of loss that might have resulted from a sale of the land under the deed of trust that had been put upon it by the curator. Had such a sale occurred in advance of a judicial decision as to whether that deed of trust was to be subordinated in equity to relator's beneficial estate, a cloud, at least, would have been cast on relator's title. There can be no doubt of the wisdom of instituting the proceedings in that case to ascertain the relator's rights in the premises, and to avoid the possibility of a permanent impairment of title by the curator's act complained of.

Whether relator might lawfully have folded his hands and made no move toward getting rid of the cu-

rator's incumbrance, we shall not determine. He did not follow that course. Whether, if he had, he would have come in contact with the rule of law requiring parties threatened with damage to take such reasonable and available precautions against loss as may lie in their power, is but a moot inquiry. He did in fact take a course which was clearly reasonable, conservative and prudent, toward averting the threatened consequences of the curator's act, which had brought about the situation confronting the relator.

We are concerned now with the question, not whether relator was bound to so proceed but merely, whether he was authorized to so proceed in the circumstances.

That the incumbrance amounted to a departure from the line of duty of the curator is too plain for discussion. The memoranda found among his papers show that he so regarded it, and that he intended to repair, or, rather, to avert any damage by paying the debt himself. Death unfortunately intercepted the execution of that intent, and left his act to bear its bitter fruit.

Was such a suit as plaintiff brought, to set aside the incumbrance, a natural and proximate consequence of that act? Who can doubt it? And if it was, are not the reasonable expenses incident to its successful prosecution proper items of recoverable damage?

There are many instances in which counsel fees and other expenses of prior litigation are recoverable as damages, even within the narrow rules of compensation prevailing in the common law system. Those instances are founded on obvious principles of justice, recognized in many decisions which have been collected by text writers. Sedgwick, Damages [8th ed.] (1891) secs. 232, 236, 238, 240; Sutherland, Damages [2nd ed.] (1893) secs. 85, 90.

While the liability of a surety is always to be confined to the limits of his engagement, the latter is yet entitled to receive such a natural and reasonable construction as will fairly accord with the purpose and intent which the engagement purports to express.

A bond to secure faithful performance of a curator's duty stands good as an indemnity against all the natural and proximate consequences of a breach of that duty.

We regard the expenses of the *Patterson–Booth* litigation (the effect of which was highly advantageous to the interests of the relator as well as of the defendant in this action) as legitimate items for recovery on defendant's bond, upon the principle that the relator was warranted by the facts in adopting the line of action that was taken to remove (or minimize) the injurious consequences of the curator's act.

There is no proof in this record to show that the surety took upon himself the entire conduct of the case of *Patterson* against *Booth*, or that he objected in any way to the participation therein of the counsel that had already been employed by plaintiff to prosecute that litigation. On the contrary, it appears that the representative of the surety co-operated with the plaintiff's counsel in the management of the suit, and that the latter bore a large part of the burden of the case with the knowledge and consent of the former. The surety would not be bound to respond for anything more than a fair and reasonable compensation for the management of the prosecution, and for the necessary expenses thereof. The trial court found as a fact that the relator's claim did not pass beyond that limit and rendered judgment accordingly.

The circuit judgment should be affirmed. The cause is accordingly remanded to the St. Louis court

of appeals with directions to enter judgment to that effect. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.