STATE ex rel., AMOS MACKEY, Appellant, v. HUGH M. THOMPSON et al., Respondent.

81 549
e99 ¹621¹

St. Louis Court of Appeals, November 28, 1899.

1. Suit on Notary's Bond: FOR FALSE ACKNOWLEDGMENT: ONLY BOND OF INDEMNITY. Appellant sued Thompson, a notary public, on his official bond for negligently certifying a false acknowledgment of a deed of trust given to secure a note of $800, which proved to be worthless for the reason that the grantor was an impostor, and did not own the property described in the deed, and the payee in the note had absconded: Held, that as the nature of the contract in official bonds, including a notary's bond, is that of indemnity to those who may suffer damage by reason of the neglect fraud or misconduct of the officer, appellant would be entitled merely, to nominal damages, unless she proved substantial damages, and that she had exhausted her remedies on the note.

2. ———: ONE PARTY TO THE CONTRACT DEAD: OTHER DISQUALIFIED. Where one of the original adverse parties to the contract and cause of action on trial is dead, the other is disqualified from testifying, unless the facts place the question of exclusion outside of the reason of the equity of statutory prohibition.

3. ———: AMENDMENT PERMISSIBLE: RULE AS TO, LIBERAL. After judgment on nonsuit, appellant in term time, moved the court to set nonsuit aside, and prayed a new trial that she might amend her petition in material matters, and filed affidavits in support of the amendment and urged that the amendment was necessary to save cause of action from the statute: Held, that in equity and good conscience a new trial should have been granted, and the amendment allowed to save cause of action from the bar of the statute.

4. ———: ———: NONSUIT NOT VOLUNTARY. So long as the trial court leaves the plaintiff a substantial cause of action, his withdrawal from the court must be regarded as voluntary, and his right of appeal is lost; but in the case at bar, when the court ruled that the recovery must be only for nominal damages, appellant was left without a substantial cause of action, and the nonsuit taken was involuntary.

5. ———: ———: BURDEN OF PROOF. Appellant having introduced evidence tending to prove that the real Lee Martin, who owned the land, did not execute the deed, the burden devolved upon defendants to show that the party who appeared before Notary Thompson and acknowledged the deed, was named Lee Martin and lived in the City of St. Louis.

BLAND and BOND, JJ., concur in a separate opinion.
The case of the State ex rel. v. Balmer, 77 Mo. App. 463, distinguished from this case on the facts.

6. ———: ———: CERTIFICATE OF ACKNOWLEDGMENT: EVIDENCE OF WHAT. The certificate of acknowledgment is presumptive evidence only, that the party acknowledging the instrument is the actual party described therein (R. S. 1889, sec. 242), but constitutes no evidence that the grantor is the owner of the title to the land, or that the officer taking such acknowledgment knew, or was expected to know that the cognizor owned or had any interest in the land purported to be conveyed.

Appeal from Circuit Court, City of St. Louis.—*Hon. Franklin Ferris*, Judge.

REVERSED AND REMANDED.

*Virgil Rule* for appellant.

(1) The court erred in excluding the testimony of relator as against the executors of the estate of Wm. Keating, for the reason that when a contract is made on one side by two or more persons, one of whom has since died, the fact does not disqualify the adverse party from testifying in the case. R. S. 1889, sec. 8918; Wallace v. Jecko, 25 Mo. App. 315; Fulkerson v. Thornton, 68 Mo. 468; Amonett v. Montague, 75 Mo. 43; Nugent v. Curran, 77 Mo. 323; Williams v. Perkins, 83 Mo. 379. (2) The court erred in holding that relator must exhaust whatever remedy she may have had on the forged note, before she could recover substantial damages. (a) Because the real cause of the action was a tort, consisting of the negligence or misconduct of the notary in making a false certificate. 2 Sedg. Dam. [8 Ed.], sec. 543;

R. S. 1889, secs. 2407, 2408, 7111; Bartels v. People, 152 Ill. 560. (b) Because the proximate cause of relator's loss was the officer's negligence and her loss would not have occurred had the notary's certificate been true. R. S. 1889, secs. 2407, 2408, 7111; State v. Balmer, 77 Mo. App. 463; State v. Meyer, 2 Mo. App. 415. (c) Because the officer's breach of duty having been shown, the burden of proof rests upon him, for reasons of public policy, to exculpate himself. 2 Sedg. Dam. [8 Ed.], sec. 546; Sheldon v. Upham, 14 R. L. 493; State ex rel. v. Mullen, 50 Ind. 598; State Use of Goddard v. Baden, 11 Md. 317; Patterson v. Westervelt, 17 Wend. 543-8. (3) The court abused its discretion in overruling plaintiff's motion to amend. State ex rel. v. Boyle, 7 Mo. App. 599. (a) Amendments are allowed expressly to save a cause from the statute of limitations. Lottman v. Barnett, 62 Mo. 159-170. (b) And in furtherance of justice. Long v. Overton, 7 Mo. 567; Pomeroy v. Browne, 19 Mo. 302; Dozier v. Jerman, 30 Mo. 216. (c) Because, in granting a new trial, the court is not confined to the grounds set out in the motion, but may grant a new trial for any good cause. Lowell v. Davis, 52 Mo. App. 342; Ensor v. Smith, 57 Mo. App. 584; Standard Mill Co. v. White Co., 122 Mo. 258. (d) The deed of trust is a forgery, whether the imposter's name was Martin or "John Smith." State v. Kroeger, 47 Mo. 552; R. S. 1889, sec. 3641. (e) Relator being without a substantial cause of action, the nonsuit was involuntary. Childs v. Wallace, 83 Mo. 85; Loring v. Cook, 60 Mo. 564.

*H. A. Loevy* for respondent.

(1) The notary is not liable for mistakes unless he acts tortiously, because: (a) A notary is a public officer. Beardsdale, 36 Mo. 573. (b) The notary's act in taking an acknowledgment is judicial in its nature. Henderson v. Smith, 53

State ex rel. v. Thompson.

Am. Rep. 144; Ins. Co. v. Marshall, 32 N. J. Eq. 103; Munell v. Diggs, 84 Vt. 900; Long v. Crews, 113 N C. 256; Haines Case, 97 Pa. St. 228. (c) The act, even if not strictly judicial, is of a judicial nature. Stevens v. Hampton, 46 Mo. 407. (d) Whether acting judicially, quasi-judicially or ministerially, the notary, like other public officers, is not liable unless he is guilty of corruption or malice. Henderson v. Smith, 53 Am. Rep. 147; Albers v. Merchants' Exchange, 138 Mo. 164; Knox County v. Hummolt, 110 Mo. 74. (e) What will constitute sufficient knowledge of identity must be decided by the notary, and will be upheld in action on bond. Wood v. Bach, 54 Barb. 134; Wilson Case, 47 Ia. 614; Haines Case, 97 Pa. St. 228. (f) The notary being a public officer, the law presumes that he acts in good faith, and the burden is upon those who charge him with negligence. Plass Case, 58 Mo. App. 151; Ryland Case, 72 Mo. App. 470; Barrett v. Davis, 104 Mo. 549. (g) The burden is upon appellant to show that the man who signed and acknowledged the deed was not actually named and known as Lee Martin. Ryland Case, 72 Mo. App. 470; Brown v. Dolin, 68 Ia. 646, 647; Overacre v. Blake, 82 Cal. 80. The notary is exonerated if the cognizor bears the same name as that of the actual owner of the land. Boughton Case, 58 Mo. App. 57. The notary does not certify that the cognizor owns the real estate described, and the law does not require that he should. Overacre v. Blake, 82 Cal. 80; Brown v. Dolin, 68 Ia. 646.

*T. J. Rowe, Frank Hagerman* and *Nagel & Kirby* for respondents.

(1) The trial court properly excluded the evidence of plaintiff, as against the representatives of William Keating, although the obligation evidenced by the bond was joint and several, it was signed for Keating by himself, not by some

representative who was alive to testify. R. S. 1889, sec. 8918; Banking House v. Rood, 132 Mo. 256, 261; Butts v. Phelps, 79 Mo. 302, 304. (2) The official bond of the notary was essentially a contract of indemnity, as distinguished from a contract to do a specific act. R. S. Mo. 1889, sec. 7111; Stevens v. Shafer, 33 Am. Rep. (Wis.) 793; State ex rel. Tittman, 134 Mo. 162; Bank v. Leyser, 116 Mo. 51. (3) The bond sued upon being in the nature of an indemnity, plaintiff had no remedy upon it, i. e., could prove no substantial damages because of its breach, until she first exhausted all her remedies at law upon the principal obligation, the note, or else showed the futility of such efforts. Bank v. Leyser, 116 Mo. 51. (a) The bond was an indemnity for the validity of the acknowledgment. Even if she had proved that the acknowledgment was false, thus making a *prima facie* case on the bond, she would have been entitled to nominal damages only because the law will not presume that both signer of the note, and Zimmerman from whom she bought it, are insolvent. Ledyard v. Jones, 7 N. Y. 550; Mayes v. Robinson, 93 Mo. 114. (b) Although our courts are liberal in permitting amendments in furtherance of justice, and to avoid the statute of limitations, yet amendments rest entirely in the discretion of the trial court, and appellate courts will not interfere, except where that discretion was arbitrarily and unjustly exercised. Ensworth v. Barton, 67 Mo. 622; Dallam v. Bowman, 16 Mo. 225. (c) And where the party seeking to amend has been guilty of laches, the refusal is not an abuse of the discretion. R. S. 1889, sec. 2117; Weed Sewing Machine Co. v. Philbrick, 70 Mo. 646; Conn. Mut. Co. v. Smith, 117 Mo. 261; Dysart v. Railway, 145 Mo. 83. (4) Even if the trial court had committed error relatrix had no right of appeal, because she needlessly took a nonsuit, which was therefore voluntary. Greene Co. Bank v. Gray, 146 Mo. 568, 570.

BIGGS, J.—This is an action on the official bond of the defendant Hugh M. Thompson, a notary public.   He is charged with negligently taking and certifying a false acknowledgment of a deed of trust.   One Henry Zimmerman introduced a man to Thompson as Lee Martin.   At the same time he presented a deed of trust on a lot situated upon Leffingwell avenue in the city of St. Louis, which purported to be executed by Lee Martin as grantor therein, and to secure the payment of a note for $800.   Zimmerman was named as payee in the note.   Zimmerman requested Thompson to take the acknowledgment of the man to the deed of trust.   Thompson asked the cognizor if he had signed the instrument and if the deed was his voluntary act, etc.   No further identificacation of the man was required.   Thompson then certified that Lee Martin appeared before him; that he was personally known to him as the same person whose name was subscribed to the writing, *as a party thereto,* etc.   Zimmerman placed the deed on record and then sold the note to the relator.   It is undisputed that the man who acknowledged the deed is a white man, and that he had no interest whatever in the lot conveyed.   The real owner is a negro, whose name is Lee Martin.   The petition set forth these facts.   The answers were in effect general denials.   At the conclusion of plaintiff's evidence the circuit court instructed that there could be no recovery against the estate of Keating, and that the finding against the other defendants could only be for nominal damages, the relator having failed to aver and prove substantial damages in that she had exhausted her remedy against the maker and indorser of the note, or that action against them would be futile.   Thereupon the relator submitted to an involuntary nonsuit.   The court overruled the motion to set aside the nonsuit.   During the term and before the bill of exceptions was filed the relator asked the court to set aside its order overruling her motion and to sustain the same, and to allow an amendment to the petition, by adding averments to

the effect that Zimmerman was insolvent and was a fugitive from justice, and the imposter who executed the note and deed of trust was unknown to relator and could not be found. The court refused the requests and the relator has brought the case to this court by appeal.

The circuit court committed no error in directing the nonsuit as to the estate of Keating. The executors of the estate objected to the relator as a competent witness against the estate of the deceased bondsman. The objection was sustained. By reason of her interest clearly the relator was not a competent witness under the rule at common law. It is equally clear that she is disqualified under the statute (section 8918), one of the original adverse parties to the contract and cause of action on trial being dead, unless the facts place the question of exclusion outside of the reason or equity of the statutory prohibition. The statute removes the common law disabilities of persons as witnesses by reason of their interest in the litigation, except where "one of the original parties to the contract or cause of action in issue and on trial is dead." The relator's cause of action on the bond rests on the alleged purchase of the note from Zimmerman. The possession of the note by her was not *prima facie* evidence that she owned it. It is only where a negotiable note is payable to bearer, or if payable to order, it has once been properly indorsed and put in circulation, that possession of it is presumptive evidence of ownership in the holder. Reinhard v. Coal Co., 25 Mo. App. 350; Vastine v. Wilding, 45 Mo. 89. The only testimony as to the purchase of the note was delivered by the relator. As against the estate of Keating she was incompetent to testify as to this fact, it being peculiarly within her knowledge and not known to the surviving obligors in the bond (Fulkerson v. Thornton, 68 Mo. 468), and as proof of the fact was essential, the nonsuit as to the estate was proper.

The position of counsel for relator is that the measure of

relator's damage is *prima facie* the amount due on the note. Adopting this as the correct rule, there was no attempt made by relator to prove that she had exhausted her remedies against Zimmerman and the pretended Lee Martin on the note and had failed to get her money, or that they were insolvent, or that their whereabouts were unknown. Upon this condition of the proof the circuit court directed a judgment against Thompson and the surviving bondsmen for nominal damages only. The determination of this question depends on the nature of the bond. If it is an undertaking to do a particular act, proof of a breach entitled the obligee to a judgment for the amount of the bond. On the other hand if it is a bond of indemnity, then in case of a breach, the complainant must prove that she has been substantially damaged, and that she has exhausted her remedies on the note, otherwise she can only recover nominal damages. Salmon Falls Bank v. Leyser, 116 Mo. 51. We are inclined to the opinion that the bond is purely one of indemnity. The language of the statute makes this conclusion unavoidable. The bond is conditioned that Thompson should perform the duties of his office according to law," and under the statute the bond "may be sued on by *any person injured.*" R. S. 1889, sec. 7111. In an analogous case (State ex rel. v. Tittman, 134 Mo. 162), the supreme court said, that "a bond to secure faithful performance of a curator's duty stands goods *as an indemnity* against all the natural and proximate consequences of a breach of that duty." In the case of Lowell v. Parker, 10 Met. 309, Shaw, J., said: "The nature of the contract in official bonds is that of a bond or *indemnity to those who may suffer damage* by reason of the neglect, fraud or misconduct of the officer." The insistance of the relator is that the action is for tort, i. e., the negligence of Thompson, and that this being the nature of the action and not one on covenant, the note furnishes *prima facie* evidence that she has been damaged to the extent of the note, and that if Zimmerman and

the pretended Lee Martin are solvent and can be found, these facts must be pleaded and proved by the defendants in mitigation of the damages. The line of authorities cited in support of this, are actions against sheriffs for negligently permitting judgment debtors to escape. In these cases the ruling was that the judgments being certain and fixed furnished some evidence of substantial damage, and further that a man who would escape had *prima facie* secreted himself and had placed himself and a sufficient amount of property to satisfy the judgment beyond reach of the execution. Patterson v. Westervelt, 17 Wend. loc. cit. 548. It is clear we think that this line of cases does not support the relator's position, for they proceed upon the idea that the body of the debtor is considered the highest satisfaction in the law, and hence if the officer negligently permits him to escape the damage of the creditor is *prima facie* the amount of his judgment. Again, it is insisted by the relator that this court is committed on the question for in the cases of State v. Meyer, 2 Mo. App. 413, and State v. Balmer, 77 Mo. App. 463, recoveries for substantial damages were sustained and it was neither alleged nor proved that all other remedies had been exhausted before bringing suit on the bonds of the notaries. The answer to this suggestion is the question was not controverted, but it seems to have been conceded that the relators in those cases had lost their entire money through the acts of the notaries. Our conclusion, therefore, is that Thompson and the surviving sureties were liable under the evidence for nominal damages only, and that the circuit court was right in so instructing.

This brings us to the question of the proposed amendment of the petition. After the motion to set aside the nonsuit had been overruled; but during the term and before the bill of exceptions was filed, the relator asked the court to set aside its order overruling the motion, to grant a new trial, and to permit the petition to be amended by adding additional averments that Zimmerman was insolvent and was a fugitive

from justice and that the pretended Lee Martin was unknown to relator and could not be found. This court has decided that the granting of the requests of the relator were within the power of the court. State v. Gummersell, 7 Mo. App. 579. Our statute governing amendments of pleading is very liberal, but in no case will the action of the trial court in refusing such amendment be interfered with, unless the appellate court is clearly of the opinion that the discretion of the trial judge has been unwisely exercised. Amendments should be allowed in furtherance of justice, and where justice to the parties obviously demands that an amendment should be made it would be an unwise exercise of discretion for the court to refuse to allow it to be made." Pomeroy's Adm'r v. Brown, 19 Mo. 302; Caldwell v. McKee, 8 Mo. 334; Dalton v. Bowman, 16 Mo. 225; Dozier v. Jerman, 30 Mo. 216. "Amendments are allowed expressly to save the cause from the statute of limitation, and courts have been liberal in allowing them, when the cause of action is not totally different." Lottman v. Barnett, 62 Mo. loc. cit. 170. The chapter of the statute (chapter 118, R. S. 1889) provides that no suit shall be instituted against a notary or his sureties more than three years after the cause of action accrues. In the case at bar the cause of action accrued November 2, 1895. Therefore, the relator's right to sue on the bond expired November 2, 1898. It is held in Garren v. Railroad, 60 Mo. 405, that section 6784 of the general statute of limitations as to the amendment of actions entitled "further savings in case of nonsuit," does not apply to causes for which a special statute of limitations is provided. Hence it is evident that if the action of the circuit court in refusing to allow the amendment to be made is upheld, the relator has lost all recourse on the bond. Under the affidavits filed in support of the proposed amendment to the effect that Zimmerman was insolvent and a fugitive from justice and that the imposter Lee Martin was

unknown to relator and could not be located, it is manifest that in equity and good conscience a new trial ought to have been granted and the amendment allowed in order to save the cause of action from the bar of the statute, unless the relator had been guilty of such laches in the preparation and trial of the case as to deprive her of all consideration at the hands of the court. The last proposition does not strike us favorably, as the position of the relator as.to the burden of proof is seemingly supported by many decisions, and the opinions of this court in the cases of *Meyer and Balmer*, *supra*, give some countenance to her contention. We think, therefore, that the ends of justice require that a new trial should be had, and the relator allowed to amend her petition, provided she pays the costs of the .first trial.

It is insisted that the nonsuit was voluntary. The rule is that so long as the trial court leaves the plaintiff a substantial cause of action, his withdrawal from the court must be regarded as voluntary and deprives him of the right of appeal. Chiles v. Wallace, 83 Mo. 85; Roeder v. Shyrock, 61 Mo. App. 487; Loring v. Cook, 60 Mo. 564; Layten v. Riney, 33 Mo. 87. When the court ruled that the recovery must be confined to nominal damages it did not leave to relator a substantial cause of action within the meaning of the decisions.

In view of a retrial it is proper for us to notice another question. It is insisted by respondents that for relator to make a *prima facie* case the burden was on her to introduce some evidence tending to show that the person who acknowledged the deed of trust was not named Lee Martin, and that as there was no such evidence the nonsuit was properly directed on that ground. This position is untenable. The relator having introduced testimony tending to prove that the Lee Martin who owned the land did not execute and acknowledge the deed, the burden of the evidence was then on defendants to show that the man who appeared before Thompson and acknowledged the deed was named Lee Martin, and that he lived in

the city of St. Louis.   To this extent a majority of the court agree.

There are other questions presented in the briefs, which we do not deem it necessary to discuss.   For the error suggested the judgment of the circuit court will be reversed and the cause remanded.   Judge *Bland* concurs; Judge *Bond* concurs in the result.

## CONCURRING OPINION.

BLAND and BOND, JJ.—In view of a retrial of this cause we have thought best to more fully discuss the points raised in the last paragraph of Judge Biggs' opinion.   From some expressions used in the discussion of State ex rel. v. Balmer, 77 Mo. App. 463, appellant contends that in that case we held that the officer who takes and certifies an acknowledgment to a deed, must know that the cognizor has some interest in the premises described which he may grant by deed; in other words, that ownership, or at least a claim of ownership, of the premises by the grantor, is the medium through which the cognizor is to be identified by the officer taking his acknowledgments.   The facts in judgment in that case do not justify appellant's contention.   In that case the personated Fred Steiner who executed the deed, the evidence tended to show was not named Steiner, but was named Morse.   Balmer who took the acknowledgment, had only a casual street acquaintance with the cognizor.   The real Fred Steiner, who owned the premises, was a well known business man in St. Louis, and resided on the premises described in the deed. In these circumstances we held that Balmer was negligent, in that he failed to ascertain, to a reasonable certainty, that the cognizor was the person he represented himself to be, or the Fred Steiner described in the deed.   In all deeds to real estate, in addition to the name of the grantor, the body of the deed contains, or should contain, descriptive words for his

identification, such as that he is married or single, the county, town and state of his residence, and when a resident of a city, his street and number. When he is so described, it is the duty of the officer taking and certifying his acknowledgment to know, or to be reasonably satisfied by the affidavits of two or more credible witnesses, that he is the identical person described in the deed, and not merely a person of the same name. If no description of the person is given, and no place of residence is mentioned in the deed, then there is nothing but the name whereby the officer can identify him. The land described furnishes no description of the person, and hence is not a means of identification, to which the officer is required to resort before making his certificate. To so hold would in effect make every certificate of acknowledgment to a deed not only evidence of its execution and acknowledgment, but also a certificate that the grantor was the owner of the title to the lands the deed purported to convey, and that he had a right to convey the same.

The statute, concerning conveyances, nowhere imposes such an obligation on officers authorized to take and certify acknowledgments to deeds of conveyances. The certificate of acknowledgment to the deed of trust read in evidence is presumptive evidence that the Lee Martin who executed and acknowledged it was the same Lee Martin described therein; R. S. 1889, sec. 2427, but it is not conclusive evidence of this fact, or of any other fact stated in it, R. S. 1889, sec. 2428, and when the plaintiff produced testimony that the Lee Martin who owned the premises described in the deed was a colored man and resided on the premises, she countervailed the presumption raised by the certificate and made a case on which she was entitled to go to the jury on this issue. To hold that she would have to go further and prove one or both of two negative propositions, to wit, first that the name of the cognizor was not Lee Martin, or, second, if named

Lee Martin, that he was not the Lee Martin described in the body of the deed, would be to hold her to the proof of negative facts, which are peculiarly within the knowledge of her adversary. This is not the law. The defendant may, if he can, rebut the countervailing testimony of the plaintiff by proof that the cognizor is named Lee Martin, and that he fills the description of the Lee Martin as set forth in the body of the deed.