THE STATE OF MISSOURI ex rel. EMMA FISSETTE, Respondent, v. WILLIAM E. SULLIVAN et al., Appellant.

Kansas City Court of Appeals, May 11, 1903.

1. **Warehouses: PLEADING: POSSESSION: PETITION.** A petition against warehousemen averred that while the relator was the owner of certain goods she delivered the same to defendants for storage. *Held*, it was necessarily implied she was in possession of the goods.

2. ——: ——: BOND: ASSIGNMENT OF BREACHES. A petition on the bond of a warehouseman alleged he was guilty of a breach of said bond in this, that he being in possession of said goods unlawfully converted the same. *Held*, while informal, under our liberal code it was sufficient.

3. ——: COMMON-LAW DUTIES: BOND: INDEMNITY. The
common-law duty of a warehouseman, as well as his contractual
duty by his bond, is to redeliver the goods stored, and his bond is a
contract of indemnity; and though there be a breach of the bond,
the recovery is limited to nominal damages until substantial dam-
ages have been sustained.

4. ——: BOND: PLEADING: RECOVERY. The bond of a ware-
houseman is a contract of indemnity yet where the petition alleges
a conversion of the property the natural and proximate damage is
the value of the goods converted, and such damage is directly
recoverable.

5. ——: CONVERSION: EVIDENCE: VALUE. Where articles
have no market value but are of some value, evidence of such value
is admissible, and there was evidence to carry the question of value
to the jury.

6. ——: PRINCIPAL AND SURETY: JOINT. INSTRUCTIONS:
LOCATION. Though the evidence showed the location and name
of the warehouse to be different from those mentioned in the appli-
cation and bond, and both principal and sureties united in a joint
demurrer to the evidence, and if the surety was relieved by reason
of the variance, still the instruction was properly refused since the
principal was not relieved by such variance.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

AFFIRMED.

*Henry L. Jost* for appellant.

(1) The breach of the bond alleged is the conver-
sion of personal property, and it is an undisputed prop-
osition of law that to warrant a recovery for conversion
the petition must allege that the plaintiff was the owner
and in possession, or entitled to possession, of the prop-
erty in controversy, at the time of the alleged conver-
sion.   The omission of the allegation of possession, as
in the case at bar, makes the petition fatally defective.
Bank v. Land Co., 152 Mo. 157; Bank v. Fisher, 55 Mo.
App. 53; Turley v. Tucker, 6 Mo. 586; 21 Ency. of
Plead. and Prac., p. 1062; Kenneth v. Peters, 54 Kan.
121; Langhenry v. Bank, 70 Ill. App. 203; Hodge v.

Railway, 70 Minn. 196; 2 Greenleaf on Ev. (14 Ed.), sec. 636.   (2) The bond sued on is an indemnity contract, and not a direct covenant; and the petition is insufficient because it fails to allege that the damage, if any, has been assessed and adjudged, and not paid (as in the bond conditioned); nor is there any allegation as to the insolvency of the principal, or facts alleged to show that it would have been useless to have primarily proceeded against him.   State ex rel. v. Thompson, 81, Mo. App. 556; State ex rel. v. Littman, 134 Mo. 162;. Bank v. Leyser, 116 Mo. 51; Dorris v. Carter, 67 Mo. 544; Noland v. Johns, 27 Mo. App. 509; Corder v. Glascock, 17 Mo. 41.   (3) The trial court erred in admitting evidence as to the sentimental value which certain articles of the property in controversy had to plaintiff by reason of "family associations," and because she "prized" them as "keepsakes."   A recovery *pretium affectionis* is never permitted.   1 Sedgwick on Damages (8 Ed.), secs. 244 and 251; Fraloff v. Railroad, 10 Blatch. (U. S. C. C.) 16; Mosby v. Anderson, 40 Miss. 52-55; Railroad v. Burke, 55 Tex. 323-343;. Railroad v. Ferguson, 1 Texas Civ. Cases, secs. 1253-1254; Douglas v. Railroad, 1 Phila. (Penn.) 337.   (4) The demurrer to the evidence should have been sustained, because it was not shown that the damages, if any, suffered by plaintiff, had been "found and adjudged by due course of law," and that the principal in the bond had refused to pay the amount adjudged.   (5) The demurrer to the evidence should have been sustained, because there was no evidence of the value of the property in controversy to be submitted to the jury.   (6) The court erred in refusing to sustain defendants' demurrer to the evidence at the close of plaintiff's case; because the evidence shows that the plaintiff's dealings were exclusively with the Globe Storage and Transfer Company, a concern entirely foreign to the bond sued on, and to the sureties engagement.   Oberbeck v. Mayer, 59 Mo. App. 289; Blair v. Ins. Co., 10 Mo. 560; Earath v. Allen,

.55 Mo. App. 107; Warden v. Ryan, 37 Mo. App. 466; Evans v. Grader, 125 Mo. 72.

*Ellison & Turpin* for respondent.

(1)   The allegations in plaintiff's petition are sufficient to maintain the action of conversion.   Knipper v. Bluementhal, 107 Mo. 670; Warnick v. Baker, 42 Mo. App. 442; Redpath v. Lawrence, 42 Mo. App. 101; Bricker v. Stone, 47 Mo. App. 530; Koch v. Branch, 44 Mo. App. 542; Dusky v. Ruder, 80 Mo. 400; Christal v. Craig, 80 Mo. 367.   (2)   This action was properly brought against the sureties on the bond and the principal jointly.   Hax & Brothers v. Hax, 84 Mo. App. 275; Ham v. Hill, 29 Mo. 275; Bricker v. Stone, 47 Mo. App. 530.   (3)   The testimony offered by respondent as to the value of the goods converted by appellants was proper.   State ex rel. v. Johnson, 1 Mo. 219; Willison v. Smith, 60 Mo. App. 470; Huse v. Heinze, 102 Mo. 245; Hougen v. Hochmeister, 114 N. Y. 566; 2 Kent 567 (star page); Chemical Co. v. Nickells, 66 Mo. App. 678; 3 Sutherland on Damages, pp. 476 and 293; 2 Sutherland on Damages, p. 378; Green v. Boston, 128 Mass. 221; Spooner v. Railway, 23 Mo. App. 403; Railroad v. Frame, 6 Col. 382.

SMITH, P. J.—The defendant William E. Sullivan was a licensed warehouseman under the statute—chapter 172, Revised Statutes 1899—and the other defendants were sureties on his bond as such.   This is an action on the bond.   The petition alleged that the relator deposited with the defendant warehouseman certain goods and chattels for storage which he wrongfully converted to his own use, etc.   The answer was a general denial.   There was a trial in which the relator had judgment, and the defendants appealed.

I.   The defendants contend that the relator's petition fails to state a cause of action in that it does not allege that the relator was the owner and in possession

of the property alleged to have been converted. By reference to that pleading we find it alleges that while the relator was the *owner* of certain goods, she *delivered* the same to the defendant William E. Sullivan for storage purposes, etc. From this allegation that the relator was the owner and delivered the goods to defendant, the further fact that she was in *possession* is necessarily implied. Bliss on Code Plead., secs. 175, 176; Ins. Co. v. Tribble, 86 Mo. App. 546. The allegation, we think, fully meets the requirement of the rule declared in Bank v. Tiger, etc., Land Co., 152 Mo. l. c. 157.

The bond sued on was to the State for $25,000 conditioned (1) "for the faithful performance of his duty as public warehouseman; (2) and as security for the payment of all penalties and damages found adjudged by due course of law for violation of the provisions of chapter 172 of the Revised Statutes of 1899, and of their full and unreserved compliance with the law of the State of Missouri and in relation thereto." Nowhere in the relator's petition is there to be found a formal assignment of a breach of either one of the three conditions of the bond just quoted. But it is alleged that while the relator was the owner of certain goods and chattels of a specified value, she delivered the same to the defendant Sullivan for storage purposes at his public warehouse and that he received the same and that he "was guilty of a breach of said bond in this, that he being in possession of said goods and chattels unlawfully converted the same to his own use, whereby," etc. The first of the conditions of said bond "was for the faithful performance of his duty as public warehouseman," and the assignment of the breach of it while somewhat informal was, under our very liberal code, sufficient. It is plain that the relator did not attempt to assign a breach of the second and third conditions of the bond, and for that reason they need not be further noticed.

It is the implied contract of a warehouseman on

receiving goods for storage that he will use ordinary care in keeping them (28 Am. and Eng. Ency. Law [2 Ed.], 648); and it is his main duty to make redelivery when the bailment terminates. Schouler on Bail. and Car., sec. 117; Story on Bail., sec. 450. The faithful performance of this common-law and contractual duty was one of those the defendant Sullivan as warehouseman by his bond covenanted to perform. The condition in the bond whose breach is assigned is quite similar to that required by the statute in the bonds of a sheriff (section 10036), coroner (section 6630), constable (section 878), administrator (section 18), curator and the like.

In State ex rel. v. Tittmann, 134 Mo. 162, the bond was conditioned for the faithful discharge of the duty by the curator according to law. It was said in the course of the opinion in that case that it stood as an indemnity against all the natural and proximate consequences of a breach of that duty. In Bank v. Leyser, 116 Mo. l. c. 75, it was said that where indemnity alone is expressed it has always been held that damage must be sustained before a recovery can be had. In State ex rel. v. Thompson, 81 Mo. App. 549, the bond sued on was that of a notary, and was conditioned "for the performance of the duties of his office according to law." The petition of the relator alleged that Thompson, a notary, negligently took and certified to a false acknowledgment of a deed of trust; that one Zimmerman introduced to said notary a man as Lee Martin, and at the same time producing a deed of trust covering certain real estate which purported to be signed by Lee Martin as grantor to secure the payment of a note to Henry Zimmerman. The latter requested the notary to take the acknowledgment of the man introduced to him as Lee Martin, to the deed of trust. The notary inquired of the cognizer whether he had signed the instrument and whether it was his voluntary act, etc. No further identification was required. The notary certified that

Lee Martin had appeared before him and was person-
ally known to him to be the same person whose name
was subscribed to the writing as a party thereto.   The
man who acknowledged the deed was a white man who
had no interest in the land, while the real owner was a
negro whose name was Lee Martin.   Zimmerman put
the deed on record and sold the note to relator.   The
trial court at the conclusion of the evidence by an in-
struction declared that the finding should be for nom-
inal damages since the relator had failed to aver and
prove substantial damages in that she had exhausted her
remedy against the maker or indorser of the note or that
the action would be futile.   And this ruling was ap-
proved by the reviewing court.   And the opinion was
expressed by that court that the bond already referred
to was "purely one of indemnity."

Accordingly, it would seem that the obligation of
the bond sued on in the present case is one of indemnity,
and that in such cases damages must be sustained before
a recovery can be had thereon.   Hax v. Hax, 84 Mo.
App. l. c. 310-311; Hicks v. Hoos, 44 Mo. App. 571.
And though there be a breach of the bond, the recovery
thereon will be limited to nominal damages until sub-
stantial damages have been sustained as in State v.
Thompson, supra; but a recovery of the latter kind may
be had where they are the natural and proximate con-
sequence of the breach of the condition, as in State v.
Tittman, supra.   It appears from the allegations of the
petition that the damages sustained by relator are such
as naturally and proximately proceed from the breach
of the defendant Sullivan's duty as warehouseman, and
are therefore directly recoverable.   As has been seen,
the bond of a sheriff and that of a licensed warehouseman
are alike, conditioned for the faithful performance of
his duty.   Now, suppose the former should receive
money on an execution, and instead of paying it over to
the execution plaintiff, as is his duty, he converts it to
his own use, it would not be pretended that no action

would lie on his bond against him and his sureties, or that a recovery could not be had for the damages so resulting from such a breach of duty. The damages in such case would proceed naturally and proximately from the breach. Here, a public warehouseman as such receives property for storage and after doing so converts it to his own use, in consequence of which the bailor necessarily sustains damages to the extent of the value of the property made way with. The damages sustained would proceed as naturally and proximately from the breach in the latter as in the former case. There can be no difference between the two cases. We can find no fault with the action of the trial court in overruling the defendant's objections to the plaintiff's petition.

No serious objection is seen in the action of the court in permitting plaintiff to testify respecting the value of an embroidered silk quilt, family pictures, etc. These articles had no market value but were of some value to the plaintiff and as to the latter she testified. This was proper. Sutherland on Dam. (2 Ed.), sec. 955; Spooner v. Railway, 23 Mo. App. 403; Muritz v. Railway, 23 Fed. Rep. 765. The value of the various articles converted was, we think, sufficiently proven to carry that issue to the jury.

The defendants at the conclusion of the evidence jointly requested both an instruction in the nature of a demurrer to it and one of a peremptory character which were by the court refused. It is contended that one or the other of these instructions should have been given since the statute referred to at the outset—sections 10568, 10569—requires the application of any one desiring to obtain a license as a warehouseman to set forth in his application the "location and name of such warehouse and the individual name of each person interested as owner or principal in the management of the same," and to give a bond to the State with good and sufficient security conditioned for the faithful performance of

the duties of warehouseman, and that at the time the sureties enter upon their engagement the warehouse, to which the bond refers and which is the subject of their undertaking, must be made definite and certain as to location and name.

It is further contended that in the application for the license, to which the bond was attached, the location and name of the warehouse was stated to be at one place in Kansas City, while it appeared from the evidence that that in which plaintiff's goods were stored by the defendant Sullivan was at an entirely different place and under a different name; and therefore, under the familiar doctrine, that the obligation of sureties must be construed *strictissimi juris,* that such obligation did not in the present case extend to the transaction between the relator and the defendant Sullivan under the latter name, or at the latter place, and this being so there could be no rightful recovery as against the defendants who are sureties. But as a good cause of action was alleged and proved as to the defendant William E. Sullivan, if not as to the other two, the demurrer being joint was, upon principle, as we think, properly refused. Bliss on Code Plead., sec. 417; Dunn v. Gibson, 9 Neb. 513; People v. Mayor New York, 28 Barb. 240; Woodbury v. Sackrider, 2 Abb. Pr. 402; Phillips v. Hagadon, 12 How. Pri. 17. No error is discovered in the action of the court in giving the relator's instructions, nor in any other respect.

The judgment was manifestly for the right party and must be affirmed. All concur.